UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

**KENNETH KASPRZAK,**
          **Plaintiff,**

v.                                                                       Case No. 14-cv-1556

**VENTURE CAPITAL CULVERS and
BOB TORRES,**
          **Defendants.**
_____

## **DECISION AND ORDER**

Plaintiff Kenneth Kasprzak, pro se, brings this lawsuit against his former employer, Venture Capital Culvers,[1] and former manager, Bob Torres. Although it is unclear from the complaint what plaintiff's claim is, the civil cover sheet submitted with his complaint lists the nature of his suit as arising under the Americans with Disabilities Act ("ADA"). Therefore I will proceed under the assumption that plaintiff is bringing an ADA claim. Before me now is defendants' motion to dismiss.

From what I can discern from the complaint, plaintiff worked at the Culver's Restaurant in Lake Geneva starting in either 2006 or 2008, and at some point after that defendant Torres was hired as manager. Plaintiff alleges that Torres wanted to fire him ever since he was hired, and at some point he denied plaintiff a position doing "prep work." Plaintiff also complains that over a four year period he never received a raise and was nicknamed "$7.75." In March 2014, there was some sort of altercation between Torres and plaintiff. Torres called the police, who removed plaintiff from the property and warned him

---

[1] Plaintiff misidentified his employer in his complaint. The correct name is Joint Venture Management, Inc., d/b/a Culvers of Lake Geneva.

not to return. Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and the Equal Rights Division of the Wisconsin Department of Workforce Development ("ERD"). He then commenced this suit.

Defendants ask me to dismiss this case because plaintiff's complaint fails to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must, at minimum, "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotations and citation omitted). In construing plaintiff's complaint, I assume all factual allegations to be true at this stage in the litigation. *Iqbal*, 556 U.S. at 678.

The ADA prohibits discrimination in employment based on disability. 42 U.S.C. § 12101 *et seq*. To survive a motion to dismiss under Rule 12(b)(6), plaintiff must allege facts establishing that "(1) he is 'disabled'; (2) he is qualified to perform the essential function of the job either with or without reasonable accommodation; and (3) he suffered an adverse employment action because of his disability." *Gogos v. AMS Mech. Sys., Inc.*, 737 F.3d 1170, 1172 (7th Cir. 2013) (internal quotations and citation omitted). Additionally, plaintiff is required to file a disability discrimination charge with the EEOC and obtain a notice of right to sue, also called a right-to-sue letter, from the EEOC before commencing a lawsuit in federal court. 42 U.S.C. § 12117(a) (incorporating 42 U.S.C. § 2000e-5's

enforcement provision); *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004)*. See also Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992) (explaining prerequisites to sue in the Title VII context). Thus, plaintiff's complaint must also allege that he has met this requirement.

Plaintiff's complaint fails to satisfy this standard because it does not adequately plead a claim under the ADA sufficient to put defendants on notice of what plaintiff is alleging. Plaintiff's complaint does allege adverse employment actions, namely that defendants denied his request for a new position and failed to increase his pay, but it does not allege that defendants took these actions because of a disability. At most, the complaint alleges that defendant Torres did not like plaintiff, but this is not enough to establish an ADA claim. Additionally, while plaintiff mentions that he is disabled, he does not identify the specific disability that was the subject of discrimination. The only specific disability the complaint mentions is arthritis, and that is mentioned only in the context of explaining plaintiff's poor handwriting and not the reason why defendants discriminated against him. Therefore, I will dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted.

However, I will give petitioner the opportunity to file an amended complaint to cure these defects. If plaintiff wishes to file an amended complaint, he should allege facts that show that he is disabled and what his disability is, that he is qualified to perform his job with or without an accommodation, and that defendants took some adverse employment action against him because of his disability. I remind plaintiff that he must allege specific facts and that a bare recital of these elements will not be enough. *Vesely v. Armlist LLC*, 762 F.3d 661, 664–65 (7th Cir. 2014).

Plaintiff's complaint also fails to plead that he exhausted his administrative remedies by obtaining a right-to-sue letter from the EEOC. Defendants state that as far as they are aware, plaintiff has not requested or received a notice of a right to sue from the EEOC. Thus, if plaintiff chooses to file an amended complaint, it must allege that he has received a right-to-sue letter, and I will require him to attach a copy of that letter to the amended complaint.

I next address whether plaintiff may sue his manager Bob Torres in his amended complaint. "Ordinarily, a party not named in an EEOC charge may not be sued" under the ADA. *See Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126 (7th Cir. 1989). It does not appear that plaintiff named Torres in his EEOC or ERD charge, thus Torres was not on notice of the alleged ADA violation. *Id.* (stating that one purpose of the filing of an EEOC charge is "to notify the charged party of the alleged violation"). Thus, unless plaintiff can show that he named Torres in his administrative charges, he may not proceed with claims against Torres.

Finally, I address defendants' argument that plaintiff cannot proceed on his ADA claim against his employer, Joint Venture Management, Inc. d/b/a Culver's of Lake Geneva, because he misnamed the employer on his EEOC and ERD charges, filing the claims against "Venture Capital Culvers." If plaintiff is able to cure the other defects in his complaint, I will allow him to proceed with an ADA claim against his employer despite having used the wrong name in the EEOC and ERD charges. "The purpose of requiring the complaint to match the EEOC charge is to give the employer some warning of the conduct about which the employee is aggrieved and afford the EEOC and the employer an opportunity to attempt conciliation without resort to the courts." *Tamayo v. Blagojevich*,

4

526 F.3d 1074, 1089 (7th Cir. 2008) (recognizing an exception to the rule where a party has adequate notice of the charge and an opportunity to participate in conciliation). Here, it appears that Joint Venture Management was on notice of the EEOC and ERD charges despite plaintiff's error. In fact, it was Joint Venture Management who filed copies of plaintiff's ERD complaint with this court. However, plaintiff is advised that if he files an amended complaint, he should name the proper defendant, Joint Venture Management, Inc. d/b/a Culvers of Lake Geneva, and not Venture Capital Culvers.

**THEREFORE, IT IS ORDERED** that defendants' motion to dismiss (ECF No. 9) is **GRANTED**. However, plaintiff is granted leave to amend his complaint to cure the noted defects. Plaintiff may file an amended complaint on or before **September 14, 2015**. If plaintiff fails to file an amended complaint by that date, his case will be dismissed with prejudice.

Dated at Milwaukee, Wisconsin, this 10th day of August, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge